UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 18-CV-469 (ENV) (RER)

———————————

Eleazar Sanchez and Osman Tucubaer Chumil,

Plaintiffs,

versus

Pizza Reale Ltd., Vaccaro Pizza Royale, and Domenico Vaccaro,

Defendants.

———————————

**REPORT & RECOMMENDATION**

August 10, 2020

———————————

To The Honorable Eric N. Vitaliano
Senior United States District Judge

**RAMON E. REYES, JR., U.S.M.J.:**

On January 23, 2018, Eleazar Sanchez ("Sanchez") and Osman Tucubaer Chumil ("Chumil") (collectively, "Plaintiffs") brought this action against their former employer Pizza Reale Ltd. ("Pizza Real"), Vaccaro Pizza Royale,[1] and Domenico Vaccaro ("Vaccaro) (collectively, "Defendants") to recover overtime compensation, unpaid wages, and related damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. and the New York Labor Law ("NYLL"), NYLL §§ 190 and 650 *et seq*. (Dkt. No. 1 ("V.C.") ¶¶ 11–12). Defendants filed a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 ("Rule 56")

---

[1] Neither Plaintiffs nor Defendants define the relationship between Vaccaro Pizza Royale and Pizza Reale Ltd. or explain what relevance Vaccaro Pizza Royale has to this suit.

1

arguing they are not subject to the FLSA. (Dkt. No. 22 ("Mot. for Summ. J.")). Your Honor referred the motion to me for a Report and Recommendation. (Order dated 11/1/2019). For the reasons discussed below, I respectfully recommend that Defendants' motion be denied.

## BACKGROUND

Plaintiffs are former employees of Pizza Reale, a pizzeria located in Brooklyn, New York, which provided sit-down, take-out, and delivery services. (Dkt. No. 22 ("Rule 56.1 Statement") ¶¶ 2, 7). Pizza Reale had only one location and "employed between 4 and 8 employees." (*Id.* ¶¶ 2–3). Defendant Vaccaro was the sole officer and shareholder of Pizza Reale. (*Id.* ¶ 4). Plaintiff Sanchez worked as a cook from July 2012 to September 2017.[2] (V.C. ¶ 27). Plaintiff Chumil worked as a prep and salad cook and a dishwasher from January 2015 to October 2017. (V.C. ¶¶ 33–34). Plaintiffs allege that Defendants violated the FLSA by failing to pay them minimum wages and overtime.[3] (V.C. ¶ 11).

After the close of discovery, the parties filed a proposed joint pre-trial order in which Defendants stated their intention to argue that Pizza Reale is not subject to the FLSA because it is "not an 'enterprise [that] engages in commerce or in the production of goods in commerce.'" (Dkt. No. 18 ("Joint Pre-Trial Order") at 5). Defendants subsequently filed Pizza Reale's 2015 and 2016 tax returns in response to Your Honor's 5/22/2019 Order. (Dkt. No. 20). Noting that the tax returns indicated Pizza Reale's gross annual sales were below $500,000, Your Honor directed Defendants to file a motion for summary judgment "addressing whether a reasonable jury could find that Pizza

---

[2] The Verified Complaint is internally inconsistent in terms of Sanchez' employment dates. Plaintiffs, at different points in their Verified Complaint, allege Sanchez was hired in July 2016, (V.C. ¶ 13), July 2010, (V.C. ¶¶ 14, 15), and July 2012. (V.C. ¶ 27). However, because the FLSA's statute of limitations only allows Plaintiffs to reach back as far as January 2015, I find the inconsistency irrelevant. *See* 29 U.S.C. § 255(a). Plaintiffs consistently use the July 2012 start date after paragraph 27. Therefore, I will treat that timeframe as the covered period.

[3] Plaintiffs also allege various violations of the NYLL. (V.C. ¶ 12).

Reale's annual gross volume of sales was at least $500,000 or that plaintiffs were personally engaged in commerce or the production of goods for commerce."[4] (Order dated 6/19/2019). Defendants subsequently filed this motion for summary judgment on Plaintiffs' FLSA claims, Counts I and III of the Verified Complaint. (Dkt. No. 22 ("Mem. in Supp.") at 95).

## LEGAL STANDARD

"Summary judgment is appropriate where the submissions of the parties, taken together, 'show[ ] that there is no genuine dispute as to any material fact.'" *Jones v. Pawar Bros. Corp.*, 434 F. Supp. 3d 14, 19–20 (E.D.N.Y. 2020) (quoting Fed. R. Civ. P. 56(a)). First, a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Second, a "dispute about a material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

"The movants bear the initial burden of demonstrating the absence of a genuine issue of material fact." *Fernandez v. Kinray, Inc.*, 406 F. Supp. 3d 256, 260 (E.D.N.Y. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "Once this burden is met, however, the burden shifts to the non-moving party to put forward some evidence establishing the existence of a question of fact that must be resolved at trial." *Jones*, 434 F. Supp. 3d at 20 (citing *Spinelli v. City of New York*, 579 F.3d 160, 166–67 (2d Cir. 2009)). Importantly, "[w]hen considering a motion for summary judgment, a court must construe the evidence in the light most favorable to the nonmoving party, drawing all inferences in that party's favor." *Jeffreys v. City of New York*, 426

---

[4] In that same order, Your Honor directed Plaintiffs to file a cross motion for summary judgment on the grounds that "plaintiffs indicated there is no dispute as to the hours worked by plaintiffs and the amount paid by defendants." (Order dated 6/19/2019). However, Plaintiffs did not file a cross motion for summary judgment.

F.3d 549, 553 (2d Cir. 2005) (citing *Niagara Mohawk Power Corp. v. Jones Chem., Inc.*, 315 F.3d 171, 175 (2d Cir. 2003)).

## DISCUSSION

A "plaintiff is covered by the FLSA . . . where he is (i) 'engaged in commerce or in the production of goods for commerce' ('individual coverage'), or (ii) 'employed in an enterprise engaged in commerce or in the production of goods for commerce' ('enterprise coverage')." *Jian Long Li v. Li Qin Zhao*, 35 F. Supp. 3d 300, 305 (E.D.N.Y. 2014) (quoting 29 U.S.C. §§ 206(a), 207 (a)(1)). Defendants argue that Plaintiffs are not covered under either the individual or enterprise theories. (Mem. in Supp. at 98).

### I. Individual Coverage

Under the FLSA, individual coverage applies where any individual employee is 'engaged in commerce or in the production of goods for commerce.'" *Baizan Guerrero v. 79th St. Gourmet & Deli Inc.*, No. 18-CV-04761 (ARR) (ST), 2019 WL 4889591, at *5 (E.D.N.Y. Sept. 10, 2019) (quoting *Jacobs v. New York Foundling Hosp.*, 577 F.3d 93, 96 (2d Cir. 2009)). "The employee must be so closely related to the movement of the commerce as to be a part of it, as opposed to simply performing activities that affect or indirectly relate to interstate commerce." *Locke v. St. Augustine's Episcopal Church*, 690 F. Supp. 2d 77, 90 (E.D.N.Y. 2010) (quoting *Boekemeier v. Fourth Universalist Soc'y in City of New York*, 86 F. Supp. 2d 280, 287 (S.D.N.Y. 2000) (internal quotations omitted). Further, "[t]his must be a substantial part of the employee's work." *Id.*

Defendants argue that Plaintiffs were not engaged in interstate commerce or in the production of goods for interstate commerce because Pizza Reale "provided goods and services to customers within the immediate vicinity of its location." (Mem. in Supp. at 100). Moreover, Defendants argue Pizza Reale "did not have any out-of-state customers, did not provide goods or

4

services across state lines, and do not require any of its employees to cross state lines in order to perform their job functions." (*Id.*). Plaintiffs refute these claims, arguing they engaged "in the production of food for in store customers and catering for customers both in and outside the State of New York." (Dkt. No. 22-1 ("Mem. in Opp'n") at 9).

Even if Plaintiffs allegations are taken as true, the activities do not appear to be a "substantial part" of either Sanchez or Chumil's jobs. Plaintiffs have not established the level to which interstate customers ate at Pizza Reale, which is their burden. Therefore, Plaintiffs have not established that they are individually covered under the FLSA. *See, e.g.*, *Hanming Feng v. Soy Sauce LLC*, No. 15-CV-3058 (ENV) (LB), 2016 U.S. Dist. LEXIS 179427 (E.D.N.Y. Dec. 27, 2016), *R & R adopted in relevant part by* 2017 U.S. Dist. LEXIS 9958, at *9 (Jan. 23, 2017) (finding an employee working as a chef in a restaurant is not individually covered under the FLSA where the restaurant "is mainly engaged in delivery orders limited to a 2-mile radius within New York State").

## II. Enterprise Coverage

Under the enterprise coverage theory, an employee is covered if she works for "a business that (1) has employees 'engaged in commerce or in the production of goods for commerce, *or* that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person' *and* (2) has an annual gross revenue of at least $500,000." *Rocha v. Bakhter Afghan Halal Kababs, Inc.*, 44 F. Supp. 3d 337, 346 (E.D.N.Y. 2014) (quoting 29 U.S.C. § 203(s)(1)(A)) (emphasis in original).

Defendants do not contest the first prong of the test, noting "it cannot be argued that the business of the Defendants did not require products that were moved in or produced for interstate commerce for its operations." (Mem. in Supp. at 101). Defendants' assessment is correct. *See, e.g.*,

5

*Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 33 (E.D.N.Y. 2015) (finding it reasonable to infer that a restaurant "requires a wide variety of materials to operate" and that "some of those materials moved or were produced in interstate commerce").

Rather, Defendants argue the second prong of the test is not met. (Mem. in Supp. at 101). That is, there is no genuine issue of material fact as to whether Pizza Reale had a gross annual income above $500,000 during the relevant period. (*Id.*). In support, Defendants supply Pizza Reale's tax returns for 2015 and 2016, accompanied by an affidavit from Defendant Vaccaro. (Dkt. No. 22 ("Vaccaro Decl.")). The tax returns indicate that Pizza Reale's gross annual sales were $463,312 in 2015 and $229,431 in 2016. (Dkt. No. 22 ("Tax Returns") at 78, 86). In addition, Defendant Vaccaro swears that Pizza Reale did not exceed $500,000 in gross annual sales during any of the other relevant years. (Vaccaro Decl. ¶ 7).

Defendants fail to meet their burden of demonstrating the lack of a genuine dispute of material fact regarding this prong of the enterprise coverage test. The tax returns submitted by Defendants are not reliable evidence because they are unauthenticated and contradicted by other evidence in the record. *Shu Lan Chen v. Gypsophila Nail & Spa Inc.*, No. 15 Civ. 2520 (JPO), 2015 WL 3473510, at *3 (S.D.N.Y. June 2, 2015) ("[S]everal courts in this circuit considering businesses' tax returns at the summary judgment stage have expressed skepticism about their reliability, especially where the returns are unauthenticated or where they conflict with other evidence." (collecting cases)). In addition, Defendants only submit tax returns for two of the three years in question.

The tax returns are unauthenticated evidence on which the Court should not rely because they are both "'unsigned and unaccompanied by a statement or affidavit of the tax preparer.'" *Hanming Feng*, 2016 U.S. Dist. LEXIS 179427 (quoting *Monterossa v. Martinez Rest. Corp.*, No.

11 Civ. 3689 (JMF), 2012 WL 3890212, at *4 (S.D.N.Y. Sept. 7, 2012)); *see also Rocha*, 44 F. Supp. 3d at 348; *Ying Ting Dai v. ABNS NY Inc.*, No. 18-CV-05170 (AMD) (RML), 2020 WL 224532, at *2 (E.D.N.Y. Jan. 15, 2020); *Shen v. John Doe Corp.*, No. 19 Civ. 2015 (GBD) (JCF), 2016 WL 7217850, at *3 (S.D.N.Y. Dec. 13, 2016), *R & R adopted by* 2017 WL 111746 (Jan. 11, 2017). Neither of the tax returns have been signed by Defendant Vaccaro and only the 2015 return is signed by the third-party tax preparer. (Tax Returns at 78, 86). In addition, the returns are not accompanied by an affidavit from the third-party tax preparer but only an affidavit from Defendant Vaccaro, the sole owner and shareholder of Pizza Reale. (*See* Vaccaro Decl.). This Court has declined to grant summary judgment on much more voluminous records. *See, e.g.*, *Hanming Feng*, 2016 U.S. Dist. LEXIS 179427 (denying defendant's motion for summary judgment where he submitted unsigned tax returns, the restaurant's New York Sales Tax Quarterly Income Reports, his own affidavit, and a letter from the restaurant's accountant all indicating the restaurant did not exceed $500,000 in gross annual sales).

Even were the Court to accept the tax returns as reliable evidence, the accuracy of the returns is questionable given other evidence in the record. As in *Hanming Feng* and *Rocha*, the salary and wage totals on both tax returns are contradicted by the record. While it is unclear whether Defendants dispute Plaintiffs' allegations regarding their wages,[5] (*Compare* Order date 6/19/2019 *with* Joint Pre-Trial Order at 3), the salaries and wages reported in the tax returns are in direct contradiction to Plaintiffs' sworn allegations in their Verified Complaint. If Defendants do not dispute the wages paid, the wages of the two Plaintiffs alone are more than what is reported in Pizza Reale's tax returns. In 2015, the tax returns indicate Pizza Reale paid $31,191 in wages and salaries. (Tax Returns at 78). Yet Sanchez and Chumil's combined salaries for 2015 amount to

---

[5] At no time do Defendants indicate they dispute the hours worked by Plaintiffs.

$81,120.[6] In 2016, the tax returns indicate Pizza Reale paid $44,190 in salaries and wages. (Tax Returns at 86). Yet Sanchez and Chumil's combined salaries for that year amount to $50,600.[7] Considering the fact that Pizza Reale also employed two to six other employees during those years, the gap is even more startling. (Rule 56.1 Statement ¶ 3). If, on the other hand, Defendants argue, as they purport to do at trial, that appropriate wages were paid, the discrepancies in the tax returns would be even wider given that the above calculations do not account for the appropriate minimum wage or any overtime wages paid. Courts in the Second Circuit have found tax returns unreliable when there is a conflict between the wages and salaries reported in a business' tax returns and other evidence in the record. *See, e.g.*, *Rocha*, 44 F. Supp. 3d at 348; *Hanming Feng*, 2016 U.S. Dist. LEXIS 179427 at *16–*17; *Xiao Dong Fu v. Red Rose Nail Salon Inc.*, No. 15 Civ. 7465 (KPF), 2017 WL 985893, at *7 (S.D.N.Y. Mar. 13, 2017).

Finally, Defendants only submit tax returns for two of the three years in question. In his declaration, Defendant Vaccaro does not explicitly explain why the missing 2017 tax return was not provided. Rather, his only explanation is that "once Pizza Reale ceased operations and vacated its location, a significant number of financial documents were either lost or destroyed." (Vaccaro Decl. ¶ 9). Setting aside the very serious issue of potential spoliation, it is extremely unlikely that Defendants do not have access to Pizza Reale's 2017 tax return. For example, the third-party tax preparer and certainly the IRS should have copies of the 2017 return. Courts in this circuit have

---

[6] Plaintiffs allege Chumil worked 52 weeks in 2015 at a rate of $560 per week, amounting to a total annual salary of $29,120 in 2015. (V.C. ¶¶ 55, 59(a)). Plaintiffs allege Sanchez also worked 52 weeks in 2015 but at a rate of $1,000 per week, amounting to a total annual salary of $52,000 in 2015. (V.C. ¶¶ 39, 47(c)). The sum of $29,120 and $52,000 is $81,120.

[7] Plaintiffs allege Chumil worked 39 weeks in 2016 at a rate of $560 per week and 13 weeks at a rate of $620 per week, amounting to a total annual salary of $29,900 in 2016. (V.C. ¶¶ 55, 59(b)–(c)). Plaintiffs allege Sanchez worked 9 weeks in 2016 at a rate of $1,000 per week and 13 weeks at a rate of $900 per week amounting to a total annual salary of $20,700 in 2016. (V.C. ¶¶ 39, 45(c)–(d), 47(d)–(e)). The sum of $29,900 and $20,700 is $50,600.

8

found that where a defendant fails to provide a complete financial record, a genuine issue of material fact exists. *See, e.g.*, *Hanming Feng*, 2016 U.S. Dist. LEXIS 179427 at *17–*18 (citing *Jia Hu Qian v. Siew Foong Hui*, No. 11 Civ. 5584 (CM), 2013 WL 3009389, at *4 (S.D.N.Y. June 14, 2013)).

Because the tax returns are unauthenticated and directly contradicted by Plaintiffs' allegations in the Verified Complaint, the returns are unreliable. Combined with the fact that Defendants do not submit tax returns for the other relevant years, Defendants have not shown a lack of genuine issue of material fact regarding Plaintiffs' coverage under the FLSA pursuant to an enterprise coverage theory.

## **CONCLUSION**

For the reasons set forth above, I respectfully recommend that Defendants' motion for summary judgment be denied. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Eric N. Vitaliano within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

RESPECTFULLY RECOMMENDED.

*Ramon E. Reyes, Jr.*
RAMON E. REYES, JR.
United States Magistrate Judge

Dated: August 10, 2020
Brooklyn, NY